DAVID A. HUBBERT
Deputy Assistant Attorney General

RIKA VALDMAN
KARI M. LARSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-514-6056
Facsimile: 202-307-0054
Email: rika.valdman@usdoj.gov
kari.m.larson@usdoj.gov

Of Counsel:
DANIEL BOGDEN
United States Attorney

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:14-cv-00474-JAD-PAL |
| Plaintiff, ) | |
| ) | **REPORT OF FINDINGS AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| BILL SUNGA MODINA, d/b/a 5M Financial, ) | |
| and d/b/a 6M Financial ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on the United States' Motion for Default Judgment and Permanent Injunction. The defendant, Bill Sunga Modina, individually, and d/b/a 5M Financial and 6M Financial. ("Modina"), was properly served and has failed to appear in this

action.  Entry of default was made against Modina on May 23, 2014.  Having considered the motion, the file, and the applicable law, the Court finds that default judgment against Modina is appropriate.  The Court further makes the following findings of fact and conclusions of law and recommends a permanent injunction be entered against Modina.

The Court finds that Modina continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and other fraudulent conduct that substantially interferes with the administration of tax laws, and that injunctive relief is appropriate under 26 U.S.C. § 7407.  The Court further finds that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to deter Modina's interference with the proper administration of the internal revenue laws, that Modina should be enjoined from further acting as federal tax return preparer under 26 U.S.C. § 7407.

The Court further finds that Modina engaged in conduct that interferes with the enforcement of the internal revenue laws.  Therefore, the Court finds that injunctive relief is appropriate to prevent recurrence of such conduct pursuant to 26 U.S.C. § 7402(a).

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Bill Sunga Modina, and all those in active concert or participation with him, is permanently enjoined from directly or indirectly from:

1. Acting as federal tax return preparers, or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than themselves;
2. Preparing or assisting in preparing or filing federal tax returns, amended returns, or other related documents or forms that they know or reasonably should know will result in an understatement of tax liability or the overstatement of federal tax refunds;

3. Preparing returns for customers and failing to provide identifying numbers as required under 26 U.S.C. § 6109(a)(4);

4. Preparing returns for customers and failing to maintain copies of those returns, or a list of those returns by taxpayer identification number as required by 26 U.S.C. § 6107(b);

5. Misrepresenting experience or education as a tax preparer;

6. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694 and 6695 or any other penalty provision in the Internal Revenue Code; and

7. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**IT IS FURTHER RECOMMENDED THAT:**

8. Pursuant to 26 U.S.C. §§ 7402(a) and 7407, Modina is required, within 30 days of entry of the injunction, contact by United States mail and, if an email address is known, by email, all persons for whom he prepared a federal tax return, amended return, or any other federal tax form since January 1, 2008, to inform them of the permanent injunction entered against him, and include a copy of the Court's permanent injunction order, but no other documents or enclosures unless agreed to by counsel for the United States or approved by the Court, and file with the Court a sworn certificate stating that he has complied with this requirement;

9. Pursuant to 26 U.S.C. §§ 7402(a) and 7407, Modina is required to produce to counsel for the United States within 30 days a list that identifies by name, social security number, address, e-mail address, telephone number, and tax period(s) all persons for whom he prepared federal tax returns or claims for refund since January 1, 2008;

10. Pursuant to 26 U.S.C. §§ 7402(a) and 7407, Modina is required to provide a copy of the Court's order to all of the principals, officers, managers, employees, and independent contractors of his tax return preparation business within three days of the Court's order, and provide to counsel for the United States within 30 days a signed and dated acknowledgment or receipt of the Court's order for each person to whom he provided a copy of the Court's order;

11. The United States is entitled to conduct discovery to monitor Modina's compliance with the terms of this permanent injunction order; and

12. This Court retains jurisdiction over Modina and this action to enforce any permanent injunction entered against him.

**DATED** this 24th day of March, 2015.

Peggy A. Leen
United States Magistrate Judge

## Notice

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.