CAROLINE D. CIRAOLO
Acting Assistant Attorney General

RIKA VALDMAN
KARI M. LARSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-514-6056
Facsimile: 202-307-0054
Email: rika.valdman@usdoj.gov
kari.m.larson@usdoj.gov

*Of Counsel:*
DANIEL BOGDEN
United States Attorney
*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cv-00474-JAD-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING THE UNITED STATES' MOTION TO SHOW CAUSE (Dkt. No. 17) AND FINDING DEFENDANT BILL SUNGA MODINA IN CONTEMPT FOR VIOLATING THE COURT'S INJUNCTION ORDER (Dkt. No. 15)** |
| BILL SUNGA MODINA, d/b/a 5M Financial, and 6M Financial | |
| Defendant. | |

Before the Court is the United States' motion to show cause why contempt should not be entered against defendant Bill Sunga Modina (Dkt. No. 17) for failing to comply with the Court's Order dated April 23, 2015, entering permanent injunction against him ("Injunction Order"). Dkt. No. 15. The Court makes the following findings of fact and conclusions of law and enters the following Contempt Order:

## I. BACKGROUND

### a. The Injunction Order

On March 25, 2015, the Honorable Magistrate Judge Peggy A. Leen issued a Report of Findings and Recommendation, finding that default judgment against Modina was appropriate, and recommending that permanent injunction be entered against him. Dkt. No. 14.  The Court found that Modina continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and other fraudulent conduct that substantially interferes with the administration of tax laws, and that injunctive relief was appropriate under 26 U.S.C. § 7407. The Court further found that because such conduct was continual and repeated, and because a narrower injunction would not be sufficient to deter Modina's interference with the proper administration of the internal revenue laws, that Modina should be enjoined from further acting as federal tax return preparer under 26 U.S.C. § 7407.  Additionally, the Court found that Modina engaged in conduct that interferes with the enforcement of the internal revenue laws. Therefore, the court found that injunctive relief was appropriate under 26 U.S.C. § 7402(a) to prevent recurrence of this conduct. Dkt. No. 14 at 1–2.

On April 23, 2015, this Court issued an Order Adopting Report and Recommendation and Granting the United States' Motion for Default Judgment.  (Dkt. No. 15).  The Court entered permanent injunction against Modina and all those in active concert or participation with him from acting as a tax return preparer.  Dkt. No. 15.  The Court permanently enjoined Mr. Modina from, inter alia, preparing or filing federal tax returns for others and from preparing or assisting in the preparation of a tax return or any document related to a matter material to the internal revenue laws that includes a position that he knows would result in an understatement of another person's tax liability.  Dkt No. 15, at 2.

The Injunction Order also required Modina, within 30 days to:

- "… contact by United States mail and by email (if an email address is known) all persons for whom he prepared a federal tax return, amended return, or any other federal tax form since January 1, 2008, to inform them of the permanent injunction entered against him. He must include a copy of the court's permanent injunction order, but he should not include any other documents or enclosures unless agreed to by counsel for the United States or approved by the court. He must also file with the court a sworn certification stating that he has complied with this requirement";
- "… produce to counsel for the United States a list that identifies by name, social security number, address, e-mail address, telephone number, and tax period(s) all persons for whom he prepared tax returns or claims for refund since January 1, 2008";
- "…provide a copy of the court's order to all of the principals, officers, managers, employees, and independent contractors of his tax return preparation. He must also … provide counsel for the United States with a signed and dated acknowledgment or receipt of the court's order for each person to whom he provided a copy of the court's order."

Dkt. No. 15 at 3.

The record reflects that on June 30, 2015, Mr. Modina was personally served with a copy of the Injunction Order (Dkt. No. 17-2, at p. 8-10), and received two letters from counsel for the United States, urging compliance and indicating that if he fails to comply, the United States will consider seeking contempt sanctions against him.  Dkt. No. 17-2, at p. 2, 4-7, 11-14. Nonetheless, Mr. Modina has failed to comply with the provisions of the Injunction Order.  A review of the record shows that he has not certified to the Court that he has mailed and e-mailed a copy of the Injunction Order to his customers; has failed to provide a list of his customers to the United States; and has also failed to produce to the United States signed and dated acknowledgment or receipt of the Court's Injunction Order for each person to whom he provided a copy of the Injunction Order.   Dkt. Nos. 17-1, at 4; and 17-2, at 3.

b. Order to Show Cause

On September 3, 2015, the United States filed a motion to show cause why contempt should not be entered against defendant Bill Sunga Modina ("Motion"). Dkt. No. 17. On September 8, 2015, the Court entered an Order to Show Cause and ordered Mr. Modina to appear before this Court on September 28, 2015 at 1:30 p.m. Dkt. No. 18.

On September 22, 2015, the United States moved the Court to continue the September 28, 2015 hearing, because it was unclear whether Mr. Modina had knowledge of the Motion and scheduled hearing. Dkt. No. 19. On September 28, 2015, the Court continued the hearing to January 25, 2016 at 11:00 a.m[1]. Dkt. No. 23. The Court's September 28, 2015 Order ("Scheduling Order") advised Modina that, if he has any defense to present or opposition to the United States' Motion, he must file it at least 14 days before the show-cause hearing. Dkt. No. 23 at 2.

c. **The United States' Attempts to Notify Mr. Modina of the January 25, 2016, Hearing**

The record reflects that Mr. Modina has a history of frequently moving and changing addresses without notifying the Court of his moves. Dkt. Nos. 19, at 3; 19-1, at 3.

The United States has made all reasonable attempts to ensure that Mr. Modina received timely notice of the January 25, 2016, hearing. With the help of Revenue Agent Justin Bourne, the United States became aware of two additional addresses for Mr. Modina: (a) 7835 S. Rainbow #4-200, Las Vegas, NV 89139; and (b) 6534 Chimes Tower Ave., Las Vegas, NV 89139. Dkt. No. 24, at 2; 24-1, at 3.

---

[1] The Court initially continued the hearing on the Motion to December 28, 2015. Dkt. No. 20. However, the United States promptly filed a second motion to continue hearing seeking to reschedule the hearing due to a conflict in schedule, and the Court rescheduled the hearing for January 25, 2016. Dkt. No. 21-23.

7835 S. Rainbow #4-200, Las Vegas, NV 89139 is the address for a business under the name "UR Mailbox Business Center," where Mr. Modina has a mailbox.  Dkt. No. 24, at 2; 24-1, at 3.  On November 20, 2015, the United States mailed a copy of the Motion and scheduling order to this address via certified mail signature required.  The mailing was returned executed.  Dkt. No. 24, at 2-3; 24-2, at 3, 5-9.

Revenue Agent Bourne also attempted to serve Mr. Modina personally at 6534 Chimes Tower Ave., Las Vegas, NV 89139.  The service attempt was unsuccessful.  Dkt. No. 24, at 3; 24-1, at 3.  Nonetheless, a postal tracer on Mr. Modina, at 6534 Chimes Tower Ave., Las Vegas, NV 89139, returned as "Mail is Delivered to Address Given."  Dkt. No. 24, at 3; 24-1, at 3-4, 9-10.  On November 30, 2015, the United States mailed a copy of the Motion and scheduling order to this address via certified mail signature required.  The mailing was returned executed.  Dkt. No. 24, at 3; 24-2, at 3-4, 10-14.

The United States also performed a LexisNexis search for Mr. Modina.  The search showed that as of January 8, 2016, Mr. Modina's most recent mailing address was at 7835 S. Rainbow #4-200, Las Vegas, NV 89139.  Dkt. No. 24, at 3; 24-2, at 4.

### d. January 25, 2016, Hearing

Mr. Modina did not file any defense or opposition to the United States' Motion before the January 25, 2016, hearing or at any time since.  He called the Court the morning of the hearing, advising that he is in California and is unable to attend the hearing.  Counsel for the United States informed the Court that Mr. Modina contacted her via email on January 24, 2016, a day before the hearing, and provided that he had just learned of the January 25, 2016, hearing, was currently in California, and was unable to attend the hearing.  Counsel for the United States

1  indicated that this was the first communication received from Mr. Modina since the
2  commencement of this case.

## II. DISCUSSION

Mr. Modina is in violation of the Court's Injunction Order. "Civil ... contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). A finding of civil contempt is proper when a party disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. *See Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993).

The United States, as the moving party, has satisfied its burden of showing by clear and convincing evidence that the defendant has violated a specific and definite Order of the Court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing to *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 n. 9 (9th Cir.1992)). Upon such a showing, the burden shifts to the defendant to demonstrate why he was unable to comply. *See id.* The Court's Injunction Order was clear. The Court ordered Mr. Modina, within 30 days of the Court's Order to certify to the Court that he sent copies of the Injunction Order to his customers; produce to the United States a list of his customers from January 1, 2008; and produce to the United States signed and dated acknowledgment or receipt of the Court's Injunction Order for each person to whom he provided a copy of the Injunction Order.

Mr. Modina was personally served with the Injunction Order on June 30, 2015, and was aware of the requirements of the Order. Additionally, he received two letters from counsel for

the United States, indicating that if he fails to comply, the United States will consider seeking contempt sanctions against him.  Nonetheless, Mr. Modina failed to comply with any and all of requirements in the Injunction Order.  Mr. Modina's last minute contact with counsel for the United States and the Court, as well as his claim that he found out about the January 25, 2016, hearing at the last minute is unconvincing.  Modina has failed to show that he attempted to comply with the Injunction Order or why compliance with it was impossible.

### III.    CONCLUSION

After consideration of the United States' Motion to show cause why contempt should not be entered against Defendant Bill Sunga Modina, the supporting documentation, the record, and the relevant law, IT IS HEREBY ORDERED that:

1. The United States' Motion to show cause why contempt should not be entered against defendant Bill Sunga Modina **[ECF 17] is GRANTED**;

2. The court finds Bill Sunga Modina in contempt of the Court's April 23, 2015, Injunction Order ;

3. As of the date of this order, a coercive fine of $100 per day is imposed on defendant Bill Sunga Modina while he remains in noncompliance of the Injunction Order, for a period of 10 days.  On the 11th day that he continues to remain in contempt of the Injunction Order, the coercive fine will be increased to $200 per day, until the 14th day;

4. On the 14th day after the coercive fine is enforced, if defendant Bill Sunga Modina continues to not comply with the Injunction Order, the United States may move for a bench warrant for defendant Bill Sunga Modina's arrest and an order that he

be civilly incarcerated until he complies with the Injunction Order.

5. The Clerk of Court is instructed to mail a copy of this order to Bill Sunga Modina at 6534 Chimes Tower Ave., Las Vegas, NV 89139, **and at** 7835 S. Rainbow #4-200, Las Vegas, NV 89139, and via email at billmodina@gmail.com.

Dated February 3, 2016

_____
Jennifer Dorsey
United States District Judge