UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BILL SUNGA MODINA d/b/a 5M Financial and 6M Financial,<br><br>Defendant. | 2:14-cv-00474-JAD-MDC<br><br>**REPORT AND RECOMMENDATION FINDING DEFENDANT IN CONTEMPT FOR FAILING TO COMPLY WITH THE COURT'S ORDER** |

Pending before the Court is the United States' *Motion* ("Motion")(ECF No. 43) for an order to show cause why defendant Bill Sunga Modina should not be held in civil contempt for violating the Court's February 23, 2024, Order ("2/23/24 Order")(ECF No. 40). The Court has also reviewed the United States' application and accounting of expenses (ECF No. 48)("Expense Application") related to the contempt proceedings.

**A.   FINDINGS OF FACT**

The Court's 2/23/24 Order granted the United States's discovery motion (ECF No. 38), and compelled defendant to respond to the United States' First Set of Post-Judgment Interrogatories and First Set of Post-judgment Request for Production. The Court's 2/23/24 Order required defendant to respond to the United States' discovery by March 15, 2024. *See* ECF No. 40. The United States has shown that defendant was served a copy of the Court's Order on March 3, 2024, at 4467 Romona Falls

Ave., Las Vegas, Nevada 89141 (ECF No. 43-2).   In its Motion, the United States reports that defendant did not comply with the Court's Order and respond to its discovery as compelled by the Order.  *See* ECF No. 43.

On May 1, 2024, the Court issued an *Order To Show Cause* (ECF No. 44)("OSC") requiring defendant to appear on June 3, 2024, and show cause why he should not be held in contempt or sanctioned for violating the Court's 2/23/24 Order.   The OSC was served upon defendant by the Clerk of Court to defendant's:  (1) last known mailing address at 7835 S. Rainbow #4-200, Las Vegas, NV 89139; and (2) last known dwelling at 4467 Romona Falls Ave., Las Vegas, Nevada 89141.  On May 11, 2024, the United States also personally served a copy of the OSC to defendant at 4467 Romona Falls Ave. by leaving a copy of the order with defendant's daughter of suitable age and discretion who resides there.  *See* ECF No. 49-2.  Prior to that May 11, 2024, service, defendant attempted to evade service of the OSC.  *Id*.

During the June 3, 2024, hearing, the United States further represented that (1) it had been in communications with defendant about the Court's orders and the hearing and (2) that defendant was aware that he was required to appear at the hearing.

**B.    DEFENDANT IS IN CONTEMPT OF THE COURT'S ORDERS**

"Civil ... contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co*., 336 U.S. 187, 191 (1949). A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). A finding of civil contempt is proper when a party disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. *See Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993); *see also Gifford v. Heckler,* 741 F.2d 263, 265 (9th Cir. 1984)("A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court.").

"Intent is not an issue in civil contempt proceedings….The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted). "A court has wide latitude in determining whether there has been contemptuous defiance of its order. The lower court's decision to impose sanctions or punishment for contempt is reviewed for abuse of discretion." *Gifford,* 741 F.2d at 266 (internal citations and quotations omitted). The Court also has discretion in fashioning appropriate sanctions, including awarding fees and costs to the aggrieved party. *See, Harrington v. Tackett,* 2022 WL 1721016, at *1 (D. Nev. May 27, 2022) (citing cases and explaining that courts "may award the aggrieved party the attorney's fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction").

The Court's 2/23/24 Order and OSC are specific and definite. As established above, the 2/23/24 Order specifically and definitely specifies the discovery defendant was compelled to respond and a specific compliance March 15, 2024, date. *See* ECF No. 40. Similarly, the OSC specifically and definitely advised defendant of (a) his failure to comply with the 2/23/24 Order; (b) the opportunity to appear and show cause why he should not be held in contempt of that order; and (c) a clear and specific hearing date of June 3, 2024, 1:00 p.m. *See* ECF No. 44. The United States, as the moving party, has satisfied its burden of showing by clear and convincing evidence that the defendant has violated those specific and definite orders*. See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (*citing to Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992)).

Defendant was served and had notice of the Court's 2/23/24 Order and OSC. Defendant knew that he was required to appear at the June 3, 2024, show cause hearing. Defendant did not comply with the Court's OSC because he did not appear on June 3. 2024, as compelled by the order. Defendant did not comply and is in contempt of the Court's 2/23/24 Order. Defendant did not respond, and has not responded, to the United States' First Set of Post-Judgment Interrogatories and First Set of Post-judgment Request for Production, as compelled by the order. Defendant has also attempted to conceal himself. As noted above, defendant has attempted to evade service. Defendant has also deleted his

3

billtaxman@gmail.com address, which he previously used to maintain communications with the United States. *See* ECF No. 49-1.

Defendant did not demonstrate why he was unable to comply with the Court's 2/23/24 Order and OSC and has not shown cause why he should not be held in contempt. *See FTC v. Affordable Media, 179 F.3d at 1239* (once the moving party establishes non-compliance, the burden shifts to the defendant to demonstrate why he was unable to comply).

**C.    THE UNITED STATE'S REQUESTED FEES AND COSTS ARE RESONABLE**

The United States seeks a total amount of $17,200.16 in reasonable attorney's fees and costs related to defendant's non-compliance. *See* ECF No. 48.

The United States seeks **$15,478.94** in reasonable attorney's fees for 61.5 total hours of attorney time spent because of defendant's non-compliance. *See* ECF No. 48. The attorney's fees are based on a $251.69 hourly rate determined under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412(d)(2)(A). *See United States v. City of Jackson, Miss.*, 359 F.3d 727, 734 (5th Cir. 2004)("[T]he same standard for assessing attorney's fees in favor of the government should apply across-the-board to all of the district court's sanction power.")(awarding government's fees under the EAJA). Courts have broad discretion in determining the reasonableness of fees. *CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, at *4 (D. Nev. Dec. 5, 2013). Some of the relevant factors that courts may consider in determining the reasonableness of fees include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar case

*CLM Partners LLC*, 2013 WL 6388760, at *4.

The $15,478.94 in attorney's fees requested by the United States is reasonable. Considering the time and labor required, the Court finds that the 61.5 attorney hours spent by United State because of defendant's non-compliance were necessary. The United States provides a reasonably sufficient evidence and description of the hours worked. *See* ECF No. 48-1 at ¶¶4, 5, 17, 23-25. The Court further finds that the hourly rate of $251.69 is reasonable under the EAJA. In the Court's experience, the fees requested by the United States are in line or below fee awards in similar contempt cases. In particular, the United States' hourly fee of $251.69 is below the hourly fee of comparable attorneys with similar experience and reputation in the district. Finally, the Court finds the fees were necessary and reasonable given the circumstances and the results obtained by the United States.

The United States seeks **$1,721.22** in costs resulting from defendant's non-compliance. The United States provided a sufficient description of such costs together with receipts and a declaration of counsel. *See* ECF No. 48-1 to 48-10. The Court finds such costs reasonable and necessarily incurred because of defendant's non-compliance.

**Therefore, the Court Clerk is DIRECTED** to mail the defendant a copy of this Report and Recommendation to both of the following addresses: (1) 7835 S. Rainbow #4-200, Las Vegas, NV 89139; and (2) 4467 Romona Falls Ave., Las Vegas, Nevada 89141.

**IT IS RECOMMENDED that**:

1. Defendant Bill Sunga Modina is in contempt of the Court's 2/23/24 Order and OSC.

2. As of the date of the District Judge adopts this Report and Recommendation, a coercive fine of $100 per day is imposed on defendant Bill Sunga Modina while he remains in noncompliance of the Court's 2/23/24 Order, for a period of 10 days. On the 11th day that he continues to remain in contempt of the Court's 2/23/24 Order, the coercive fine will be increased to $200 per day, until the 14th day.

3. On the 14th day after the coercive fine is enforced, if defendant Bill Sunga Modina continues to not comply with the Court's 2/23/24 Order, and this is made known to the Court by counsel

for the United States, the Court will issue a bench warrant for defendant Bill Sunga Modina's arrest ordering that he be civilly incarcerated until he complies with the Court's 2/23/24 Order.

4. The United States shall serve defendant a copy of this Report and Recommendation in accordance with Fed. R. Civ. P. 4(e)(2).

5. The United States is awarded $17,200.16 in reasonable attorney's fees and costs against defendant Bill Sunga Modina.

Dated: June 25, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge