# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

     Plaintiff

v.

Bill Sunga Modina,

     Defendant

Case No.: 2:14-cv-00474-JAD-MDC

**Order Adopting Magistrate Judge's Report and Recommendation and Finding Defendant Bill Sunga Modina in Contempt for Violating the Court's Orders**

[ECF No. 50]

In 2015, this court entered a permanent injunction against defendant Bill Sunga Modina, prohibiting him from acting as a federal tax-return preparer. When the United States learned in late 2023 that Modina might be preparing returns, it served Modina with discovery requests to find out if he was violating the injunction. Modina didn't respond, so the government filed a motion to compel and, after Modina failed to comply with the magistrate judge's order compelling Modina's responses, moved for an order to show cause why Modina should not be held in contempt of court. Modina didn't appear for the hearing on that motion or otherwise respond, so the magistrate judge now recommends that Modina be held in contempt and that the court impose coercive fines to obtain compliance and issue a bench warrant if the fines are insufficient to compel Modina's responses. Modina didn't file an objection.

I adopt the magistrate judge's recommendation, find Modina in contempt, and impose a $100 per-day fine for the first 10 days he fails to respond to the government's discovery requests, which will be increased to $200 per day until the 14th day of noncompliance. If Modina fails to respond within 14 days, this court will issue a bench warrant for Modina's arrest. And I adopt the recommendation that the United States be awarded $17,200.16 in fees and costs for its attempts to enforce the injunction in the face of Modina's evasion.

**Background**

In 2015, I entered default judgment against defendant Bill Sunga Modina for several violations of tax law, permanently enjoined him from "further acting as a federal tax-return preparer," and ordered him to turn over to the United States information about his clients.[1] Modina failed to do so and, after multiple failed attempts to obtain compliance, I imposed a coercive fine of $100 per day until he complied, with increasing penalties the longer he refused.[2] He eventually complied and paid the $1,800 in fines that he had racked up before doing so.[3]

It now seems that Modina is back to ducking court orders and avoiding the United States' attempts to monitor his compliance with the injunction. In January of this year, the government filed a motion to compel discovery against Modina, explaining that it "recently received a tip that he still may be preparing tax returns" in violation of the injunction, and that it had sent Modina discovery requests to investigate, but he never responded.[4] So Magistrate Judge Maximiliano D. Couvillier, III granted the government's motion to compel and ordered Modina to answer the discovery requests by March 15, 2024.[5]

Yet again, Modina didn't comply. So the government moved for an order to show cause why Modina shouldn't be held in contempt for his failure to comply with a court order.[6] Judge Couvillier granted the motion and ordered Modina to appear in court on June 3, 2024, to explain

---

[1] ECF No. 15 at 2.

[2] ECF No. 27.

[3] ECF Nos. 28, 35, 37.

[4] ECF No. 38 at 2.

[5] ECF No. 40.

[6] ECF No. 43.

himself.[7]  Modina didn't show.[8]  So Judge Couvillier recommends that this court hold Modina in contempt for violating the orders directing him to respond to the government's discovery requests and to show cause.[9]  He recommends imposition of a $100 per-day fine for the first 10 days he fails to respond, increased to $200 per day until the 14th day of noncompliance.[10]  If Modina fails to respond even then, Judge Couvillier recommends that the Court issue a bench warrant for Modina's arrest.[11]  He also recommends that the United States be awarded $17,200.16 in fees and costs for its efforts.[12]

Judge Couvillier issued his report and recommendation on June 25, 2024.[13]  But it appeared that Modina may not have been receiving court orders, so Judge Couvillier ordered the Clerk of Court to send the order to various email and physical addresses Modina had on file.[14] Those too were returned as undelivered, and Modina filed a notice indicating that he had a new address.[15]  I sua sponte extended Modina's deadline to file any objections to Judge Couvillier's order due to the confusion over whether he had received the court's correspondence and because

---

[7] ECF No. 44.

[8] ECF No. 47.

[9] ECF No. 50.

[10] *Id.* at 5.

[11] *Id.*

[12] *Id.* at 5–6.

[13] *Id.*

[14] ECF No. 52.

[15] ECF No. 55.  In fact, the address Modina had supplied was one of the two addresses that the court had already been sending correspondence to.  It appears that court orders had been successfully delivered to that address throughout these proceedings, and the "mail returned as undeliverable" notices related only to a second address that the court had on file.  *See* ECF Nos. 51, 54.  The government had also successfully completed service of its discovery requests and motion on the new address.

he may not have been aware that he could object.[16]  And I warned him that his "failure to file an objection or otherwise respond to the government's discovery requests" by the deadline "will almost certainly result in a finding that he is in contempt of this court's orders."[17]  That extended deadline passed without an objection or request to further extend the deadline to file one.

## Discussion

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."[18]  The party moving for contempt "has the burden of showing by clear and convincing evidence" that the non-moving party failed to comply.[19]  "A court has wide latitude in determining whether there has been contemptuous defiance of its order"[20] and in fashioning the appropriate sanction for noncompliance.[21]  When considering what sanction should be imposed to gain compliance, the court should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[22]

The magistrate judge recommends contempt sanctions for Modina's failure to comply with the order granting the government's motion to compel discovery responses and the order

---

[16] ECF No. 56.

[17] *Id.* at 3.

[18] *Inst. of Cetacean Rsch. v. Sea Shepard Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quotation omitted).

[19] *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quotation omitted).

[20] *Gifford v. Heckler*, 741 F.3d 263, 266 (9th Cir. 1984) (citation omitted).

[21] *SEC v. Hickey*, 322 F.3d 1123, 1228 (9th Cir. 2003) (holding that "[d]istrict courts have broad equitable power to order appropriate relief in civil contempt proceedings" (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949)).

[22] *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947).

directing Modina to show cause why he shouldn't be held in contempt.[23]  Both orders were specific and definite: the order compelling discovery responses identified the government's requests and set a specific compliance date of March 15, 2024.[24]  And the order to show cause clearly directed Modina to appear in court to explain why he should not be held in contempt for his failure to respond to the government's discovery requests.[25]  Modina did not comply with either order and still refuses to participate in these proceedings.

Like the magistrate judge, I find that the government has met its burden of showing by clear and convincing evidence that the defendant has attempted to evade service of its discovery requests and the court's orders, but that he did eventually receive them and refuse to comply.[26] And I find that the recommended coercive fines, escalating to a bench warrant for Modina's arrest if he fails to comply within 14 days, will likely be effective to obtain compliance.  They are the same sanctions that I imposed against Modina in 2015, and they were successful in gaining compliance then.  I also adopt the magistrate judge's recommendation to award the United States $17,200.16 in reasonable attorneys' fees and costs as compensation for Modina's noncompliance.  That amount represents the "actual losses sustained as a result of" Modina's disobedience.[27]

---

[23] ECF No. 50 at 3.

[24] ECF No. 40.

[25] ECF No. 44.

[26] *See* ECF No. 50 at 3–4.

[27] *Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682 (9th Cir. 1986) (holding that, "in civil contempt actions, 'a court may assess attorneys' fees . . . as part of the fine to be levied on the defendant'" (quoting *Aleska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975) (cleaned up)).

**Conclusion**

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 50] is ADOPTED in its entirety.  Bill Sunga Modina is in contempt of the court's February 23, 2024, order compelling responses to the government's discovery requests and the court's order for Modina to show cause.**

- Beginning Monday, September 16, 2024, **a coercive fine of $100 per day is imposed on Modina for every day that he fails to respond to the government's discovery requests** (on the docket at ECF Nos. 38-3 and 38-4), **for a period of 10 days.**

- On the 11th day that Modina continues to remain in contempt of the court's February 23, 2024, order compelling those responses, **the coercive fine will be increased to $200 per day, through the 14th day.**

- If Modina continues to not comply with the court's order by Monday, September 30, 2024 (the 15th day of noncompliance), **the court will issue a bench warrant for Modina's arrest and order that he be civilly incarcerated until he complies.**

IT IS FURTHER ORDERED that **the United States must serve this order** in accordance with Fed. R. Civ. P. 4(e)(2).

_____
U.S. District Judge Jennifer A. Dorsey
September 11, 2024